IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

FONTA WHIPPLE,

     Petitioner,  :  Case No. 1:14-cv-119

 - vs -         District Judge Timothy S. Black
             Magistrate Judge Michael R. Merz

WARDEN, Southern Correctional Facility,

     Respondent.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 15), recommending that the Petition be dismissed with prejudice. Judge Black has recommitted the case for reconsideration in light of the Objections (Doc. No. 19).

  Petitioner's statement of the law applicable to review of a Magistrate Judge's report and to application of the AEDPA is unexceptionable (Objections, Doc. No. 18, PageID 3146-48).

**Ground One: Improper Joinder**

  In his First Ground for Relief, Whipple claims his constitutional rights were violated when the trial court refused to sever multiple counts against him. The Report concluded this claim was procedurally defaulted because it had not been presented to the state courts as a federal constitutional claim (Report, Doc. No. 15, PageID 3117-20). The Report also concluded

1

in the alternative that the claim was without merit. *Id.* at 3120-22.

The Objections require no additional analysis on the fair presentation claim. Whipple continues to rely *Blackmon v. Booker,* 394 F.3d 399 (6th Cir. 2004)(Objections, Doc. No. 18, PageID 3148). The Magistrate Judge agrees that *Blackmon* is the controlling authority, but it supports Respondent's position on fair presentation, not Whipple's.

In the alternative analysis of the merits, the Magistrate Judge found the First District's conclusion on joinder was neither contrary to nor an objectively unreasonable application of Supreme Court precedent. The nub of the First District's decision, quoted at length in the Report, is found at ¶ 17 of its opinion:

> **[*P17]** In this case, both shootings were of the same or similar character and were part of a course of criminal conduct. They occurred within two weeks of each other and within a few miles of the Garage Bar. In addition, witnesses placed Whipple in the immediate vicinity of the victims shortly before each shooting. Thus, evidence tending to show that they were committed with the same weapons helped to identify Whipple as the perpetrator of both crimes. Moreover, the evidence presented with respect to each shooting was simple and direct "such that the jury was capable of segregating the proof on each charge." *Id.* at ¶ 45, citing *State v. Roberts*, 62 Ohio St.2d 170, 175, 405 N.E.2d 247 (1980).

*State v. Whipple*, 2012-Ohio-2938, 2012 Ohio App. LEXIS 2615 (1st Dist. June 29, 2012). Whipple has cited no Supreme Court precedent at all in this portion of the Objections, much less any which is unreasonably applied with this decision.

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Whipple asserts he was convicted on insufficient evidence. The Report concludes the First District's decision on this claim was a reasonable

2

application of *Jackson v. Virginia*, 443 U.S. 307 (1979)(Report, Doc. No, 15, PageID 3123-27). In his Objections, Whipple merely incorporates arguments made in the Traverse (Objections, Doc. No. 18, PageID 3149). No further analysis is necessary.

**Ground Three – withdrawn.**

**Ground Four: Exclusion of Defense Evidence of Police Misconduct**

One of the police officers who investigated this case was Sandra Stevenson. She resigned the Lincoln Heights Department before trial. None of her out-of-court statements were sought to be admitted at trial. However, Whipple's counsel sought to cross-examine another witness, Sergeant LaRoy Smith, about why Stevenson resigned. The trial judge sustained a relevance objection and defense counsel represented that the answer would have been that she had been accused of dishonesty and theft. On appeal, Whipple's sole reliance was on *Bullcoming v. New Mexico,* 564 U.S. ___, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011).

The First District found *Bullcoming* irrelevant because that case arose under the Confrontation Clause and Whipple had no right to confront Stevenson who did not testify, either in court or by attempted admission of out of court statements. In *Bullcoming* the Supreme Court held admission of a non-testifying analyst's lab report violated the Confrontation Clause.

In his Traverse Whipple argued he was relying on *Bullcoming* not for a Confrontation Clause point, but for its pertinence to relevancy (Traverse, Doc. No. 12, PageID 3098, citing Appellant's Brief, State Court Record attached to Return of Writ, Doc. No. 5-1, Ex. 9, PageID 130-32). Exclusion of Sergeant Smith's answer to why Sergeant Stevenson resigned is claimed

3

to have prevented Whipple from presenting a complete defense, a violation, it is said, of *Chambers v. Mississippi,* 410 U.S. 284 (1973). *Id.*

The Report concluded this Ground for Relief was without merit because (1) there was no Confrontation Clause issue because no evidence or report was received from former Sergeant Stevenson, (2) Whipple never showed that Sergeant Smith had any relevant or competent evidence on the question why Stevenson resigned or that it had any relationship to Whipple's case (Report, Doc. No. 15, PageID 3127-31).

Whipple objects

> to the finding that former Sergeant Stevenson's misconduct was irrelevant and inadmissible through Sergeant Smith. The fact that the primary investigator in Mr. Whipple's case resigned prior to trial amidst allegations of dishonesty and theft was relevant to assert a defense that Mr. Whipple's case was have been [sic] mishandled by a crooked police department. Further, with regard to how Sergeant Smith could have testified about it, he could have been questioned on his knowledge of the circumstances and whether he did anything about them or looked the other way.

(Objections, Doc. No. 18, PageID 3148-50.)  In this one paragraph, we have gone from one allegedly dishonest officer to Heights Police Department is crooked, but how this would have provided a cognizable defense in this case is not explained.

The more fundamental problem with this claim is that it was not properly preserved for appeal. Whipple did not proffer what Sergeant Smith's answer would have been. And is it seriously contended that a defense of the dishonesty of an investigator, not shown to have been related to this case, was entirely dependent on an expected cross-examination answer from a different witness?

It is of course true that, had former Sergeant Stevenson testified, she could have been cross-examined about past dishonesty. It is also true that Whipple's counsel would have been

stuck with her answer and could not have proven the dishonesty by extrinsic evidence. Ohio R. Evid. 608(B). There is no federal constitutional prohibition on enforcement of that rule; *Chambers, supra*, does not create an exemption from state evidence or procedural rules in the interest of presenting a complete defense. Judges have a wide discretion to exclude evidence which is only marginal. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). The right to present relevant evidence is not unlimited, but subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308 (1998), and may bow to accommodate other legitimate interests in the criminal trial process. *Rock v. Arkansas*, 483 U.S. 44, 55 (1987).

Whipple's Fourth Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Five – withdrawn.**

**Ground Six – withdrawn.**

**Ground Seven:  Double Jeopardy**

In his Seventh Ground for Relief, Whipple claims the State violated his Double Jeopardy rights when it refused to merge his convictions for felonious assault and discharge of a firearm into a dwelling. The Report overruled Respondent's procedural default defense on this claim, but concluded the First District Court of Appeals disposition of the claim was entitled to AEDPA deference (Report, Doc. No. 15, PageID 3131-36).

In his Objections, Whipple incorporates by reference the arguments he made in his

Traverse (Objections, Doc. No. 18, PageID 3150).  Therefore, no further analysis is needed.

**Ground Eight:  Ineffective Assistance of Trial Counsel**

The Report concluded the First District's decision on this claim was neither contrary to nor an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). In his Objections, Whipple incorporates by reference the arguments made in his Traverse. Therefore no further analysis is necessary.

**Ground Nine:  Denial of Due Process by Page Limitation on Appeal**

In his Ninth Ground for Relief, Whipple claims his Fifth, Sixth, and Fourteenth Amendment rights were violated when he was limited to fifteen pages in his principal brief on appeal and denied a reply brief altogether.

The Report found this claim procedurally defaulted because it had never been presented to the Ohio courts (Report, Doc. No. 15, PageID 3139).  Alternatively, the Report found the claim without merit in that Whipple cited no United States Supreme Court precedent disapproving state appellate court briefing limits on constitutional grounds. *Id.*

Petitioner objects that because the procedural default was not raised by Respondent, it should not now be considered (Objections, Doc. No. 18, PageID 3150-51).  However, the Sixth Circuit has held a procedural default in habeas may be raised *sua sponte* by the trial court. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).  While not deciding the issue itself, the Supreme Court has noted that every

circuit to consider the question has reached the same conclusion. *Day v. McDonough*, 547 U.S. 198, 206-207 (2006).

On the merits, Whipple still does not cite any purportedly relevant Supreme Court decisions, but is content to rely on the asserted unfairness of a fifteen-page limit with a twelve day trial and a 2,813 page transcript. Habeas corpus relief is, however, limited to violations of federal constitutional rights as recognized by the Supreme Court.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 12, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).